*TOWN vs. THE SYNDICS OF MORGAN, DORSEY & CO.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In conditional obligations, the law at the time the obligation was contracted, not that in force when the condition takes place, must govern the rights of the parties.

The opposing creditor claimed to be placed on the tableau of the insolvent Dorsey, in preference to the creditors of Morgan, Dorsey & Co. by virtue of a promissory note which he held, upon which Dorsey was endorser.—The note was dated 27th May, 1825—endorsed the same day— payable one year after date, and protested at maturity. There was judgment for the opposing creditor, and the syndics of Morgan, Dorsey & Co. appealed.

*Eustis* for appellants.

1. The judgment must be reversed, because the Louisiana Code gives no priviledge in the case made out by the appellee.

*Conrad* for appellee.

*Porter J.* delivered the opinion of the court.

This is an appeal taken from a judgment of the District Court, by which the endorser of a note, whereon the insolvent Dorsey was endorser, is placed on the tableau of distribution of said Dorsey's estate, and directed to be paid out of the funds of said estate, in preference to the creditors of Morgan, Dorsey & Co.

In conditional obligations, the law at the time the obligation was contracted, not that in force when the condition takes place must govern the rights of the parties.

The endorsement was made at a time the Civil Code of Louisiana was in force. The note became due, and the protest was made after the Louisiana Code was promulgated. If the obligations of the respective parties is to be ascertained by the former, the judgment appealed from is correct. If by the latter it is erroneous and must be reversed.

The insolvent's obligation, as endorser of the note, was subject to the condition known to our law as the *suspensive;* that, which depends on an uncertain and future event. It depended, in this instance, on the maker paying his note when it became due, and on regular proceedings on the part of the holder, to protest in case of non-payment, and duly notify the endorser.

On the first view of the case, it might appear that, as the holder of the note had no right of recourse on the endorser until failure of payment on the part of the maker, the extent of that right must be governed by the law at the time it accrued.

But more closely considered, it is clear that though the obligation could not be enforced until the condition took place, still there would have been no obligation without the contract entered into, antecedent to the failure of the maker to discharge his note. And whether the law, at the time the obligation was contracted, or that in force when the condition took place, should govern the rights of the parties, is not a difficult question. It is in our opinion, settled by positive provisions in our former and present code. Each of them declares " that the condition being complied with, has a retroactive effect to the day the engagement was contracted." The articles of the Napoleon Code, of which ours on this subject is a copy, were we know, in the greater number of instances, taken almost *verbatim* from the works of Pothier. In referring to that writer, we find that, after using the same language found in our code, he adds, and the right which results from the engagement is *deemed to be acquired from the time of the contract.* Such also was the doctrine of the Roman jurists. At the time this engagement was contracted, the plaintiff had a right in case of failure, to be paid before the creditors of the partnership. We therefore think there is no error in the judgment of the District

P

Eastern District.
.·December 1830.
TOWN
vs.·
THE SYNDICS OF
MORGAN·& AL.
Court.    *Pothier, contrat des ob: no.* 220. *Toullier, vol.* 6, *no.* 543. *Digest, liv.* 50, *tit.* 17, *laws* 18 *and* 144.

It is therefore ordered, adjuged and decreed, that the judgment of the District Court be affirmed with costs.